FIRST NATIONAL BANK OF GREAT BEND, KANSAS, Appellant, v. JOHN SCHNUR *et al.*, Respondents.

St. Louis Court of Appeals, March 20, 1894.

Promissory Notes: ABSENCE OF CONSIDERATION. A note which is not founded upon any consideration is invalid.

*Appeal from the Stone Circuit Court.*—HON. JOS. CRAVENS, Judge.

AFFIRMED.

*H. H. Bloss* for appellant.

*Carr McNatt* for respondents.

BOND, J.—This action is upon a promissory note for $400, dated May 10, 1889, due at three months thereafter, and indorsed by defendants. The payee of the note was the agent of the plaintiff, and indorsed said note to the plaintiff. The answer was that the defendants were induced to indorse the note sued on by false representations that said note was a bond for the good behavior of the maker; and that defendants relied wholly and solely on such fraudulent misrepresentations when they indorsed said note.

The case was tried in Lawrence county, and a verdict returned in favor of the defendants, which the court set aside as being against the weight of the evidence. Plaintiff then took a change of venue on the ground that the inhabitants of said judicial circuit were prejudiced against it. The change was granted to Stone county. At the September term of the Stone county circuit court, the defendants filed an amended answer, sworn to by each of them, in which they set up that, if their signatures were attached to the note in suit, they were placed there without knowledge on their part that they were signing a note; that about the date of the alleged note one Henry Shadel, the maker of said note, in company with one Chapman, who was at the time the agent of plaintiff, and to whom said note was made payable as such agent, came

VOL. 57—12

to these defendants near the city of Aurora in this state; and the said Shadel then and there represented to these defendants that he had been appointed loan and insurance agent for some Kansas City company by said Chapman, and that, before he could enter on his duties as such agent, it was necessary for him to give bond with security for his good behavior during such agency; that he requested defendants to sign his nonnegotiable bond for his good behavior as such agent, assuring them that there could be no loss, inasmuch as the loans handled by him would be sent in drafts direct to the borrowers; that, relying upon such statements solely, these defendants wrote their names on the back of the paper attached to, and commingled with, a large bundle of papers, some printed and some written, containing insurance matter, without any knowledge that any such note as the one in suit was attached thereto or connected therewith; that these defendants are Germans, and can not, with any degree of certainty, read writing in the English language; that the note in suit must have been written on said papers after they had been indorsed by defendants as above stated; that the note sued on is without consideration, and was so received and transferred by said Chapman, the payee therein; that the plaintiff had full knowledge of the fact that said note was without value, and was fraudulent as to these defendants, and that at the time of its transfer to plaintiff, if at all, it paid nothing therefor.

The case was tried by a jury in Stone county, who returned a second verdict in favor of the defendants.

The evidence was not disputed that Henry Shadel, the maker of the note in suit, procured the signatures of defendants as indorsers thereon by fraudulent misrepresentations to the effect that the instrument so signed by them was intended to be a bond for his good

behavior.

The evidence tended to show that the payee of the note was present when the signatures of the defendants were affixed to the instrument, and that the false representations of Shadel to one of the defendants were made within about ten feet of the agent of the plaintiff, and that this agent was introduced to one of the defendants in a false character as general agent from Kansas City, instead of his real character as the agent of the plaintiff.

The evidence was undisputed that, about four days after the signatures of the defendants were procured as above stated, the note which had been taken by Chapman and carried to the plaintiff was returned to a local bank in the town where the defendants lived, and, upon inquiry on the part of this bank, the defendants denounced the transaction by which the note was procured as fraudulent, and caused publication to be made that they had not signed the note which was offered to their local bank for discount.

The evidence tended to show that Shadel owed the plaintiff some borrowed money for which plaintiff held his notes, and that the purpose of plaintiff's agent, Chapman, in coming to Missouri was to get Shadel to arrange his indebtedness to the bank, which was evidenced by his two promissory notes, one for over $300, and the other for about $25.

The evidence conclusively shows that the original notes of Shadel were not surrendered to him when the note in suit was procured.

The evidence is undisputed that no new consideration was given for the note in suit.

The first error complained of is the modification by the court of two instructions, given by it for appellant, by directing the jury to find for the plaintiff upon the facts hypothecated, unless they found the "signa-

tures to said note were obtained by fraud according to instruction number 3." If, therefore, instruction number 3 contained a correct statement of the law, according to the theory of the case presented by the evidence of defendants, there was no error in the action of the court in modifying, *supra*, the instructions given for plaintiff. Instruction number 3 is to wit:

"Even though you may believe from the evidence that the defendants wrote their names on the back of the notes sued on; yet if you believe from the evidence that, at the time they so wrote their names, they were made to believe by the false and fraudulent representations of Henry Shadel that it was a bond for his good behavior as an insurance or loan agent, and that defendants did not know they were signing or indorsing a note, and that by using ordinary diligence, such as reasonably prudent men use in the transactions of business, they could not find out and understand the character of the paper they signed, considering their education and nationality (and if you further find from the evidence that G. L. Chapman, the payee of the note, was present and knew of such false representations made by Shadel, if any were made), then you will find the issues for the defendants."

This instruction was more favorable to appellant than it was entitled, in submitting to the jury the question of the knowledge by Chapman of the fraud, if any, in the procurement of the note.

That issue was wholly immaterial, since appellant, not having taken the note in payment of or as collateral security for a former indebtedness, could not recover if there was fraud in the making of the note, whether Chapman knew of that fraud or not.

As the uncontradicted evidence also shows the note was not founded on any consideration, appellant is not

in this case entitled to recover on any theory. We need not, therefore, examine its refused instruction.

The judgment herein is affirmed. All concur.